DA 11-0294

IN THE SUPREME COURT OF THE STATE OF MONTANA

2011 MT 294N

PATRICK KEITH HIRT,

        Petitioner and Appellant,

  v.

MONTANA DEPARTMENT OF CORRECTIONS,

        Respondent and Appellee.

APPEAL FROM:    District Court of the First Judicial District,
                    In and For the County of Lewis and Clark, Cause No. ADV 09-1117
                    Honorable Dorothy McCarter, Presiding Judge

COUNSEL OF RECORD:

        For Appellant:

        Patrick Keith Hirt, self-represented, Deer Lodge, Montana

        For Appellee:

        Colleen E. Ambrose, Special Assistant Attorney General, Department of
        Corrections, Helena, Montana

Submitted on Briefs:  October 19, 2011

Decided:  November 23, 2011

Filed:

_____
                      Clerk

Justice Brian Morris delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(d), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Appellant Patrick Keith Hirt (Hirt) appeals the District Court's order denying his petition for a writ of mandamus. We affirm.

¶3 A jury convicted Hirt of felony sexual assault in 2003 in Ravalli County. The District Court appointed Michael English (English) to conduct a psychosexual evaluation as part of Hirt's sentencing process. English, a member of the Montana Sex Offender Treatment Association, prepared and submitted a psychosexual evaluation to the court that recommended that the court impose a Level III tier designation.

¶4 Hirt's counsel retained Michael Scolatti, Ph.D. (Scolatti) to conduct a second, partial psychosexual evaluation of Hirt. Scolatti recommended the same Level III tier designation. Hirt's counsel cross-examined English at Hirt's sentencing hearing. The District Court sentenced Hirt to ten years at Montana State Prison (MSP) and ordered Hirt to register as a Level III violent/sexual offender. Hirt did not appeal.

¶5 Hirt filed a petition for declaratory judgment, writ of mandamus, order to show cause, and application for preliminary injunction on December 3, 2009. He sought a declaration that Montana Department of Corrections (DOC) was responsible for regulatory oversight of all psychosexual evaluations and that the prison offender grievance procedures provide an

2

avenue to review contested evaluations and disputed tier level designations. Hirt's petition also requested a writ of mandamus and injunctive relief that asked for essentially the same type of relief.

¶6 Hirt filed a motion with the court on February 8, 2011, in which he changed the focus of his claim to one of constitutional due process. Hirt argued that he had a constitutional right to obtain an objective process to review his disputed psychosexual evaluation and that the Department's refusal to provide such review was constitutionally impermissible. The District Court conducted a hearing on Hirt's petition on March 3, 2011. Hirt appeared pro se by video conference from MSP.

¶7 The District Court determined no legal basis existed for issuance of a writ of mandamus. Hirt had failed to establish that DOC had failed to perform a clear legal duty. The District Court cited the fact that DOC had adopted rules pursuant to § 46-23-509(1), MCA. The District Court noted that a court, rather than DOC or a preparer of a psychosexual report, determined a defendant tier designation. Hirt had opportunity to cross-examine the preparer of his psychosexual evaluation and to contest the recommended tier level designation. Hirt appeals.

¶8 This Court reviews for correctness a decision to deny a writ of mandamus. *Smith v. County of Missoula*, 1999 MT 330, ¶ 28, 297 Mont. 368, 992 P.2d 834. We review for a manifest abuse of discretion the denial of a request for preliminary injunction. *Shammel v. Canyon Resources Corp.*, 2003 MT 372, ¶ 12, 319 Mont. 132, 82 P.3d 912. We have determined to decide this case pursuant to Section I, Paragraph 3(d), of our 1996 Internal

3

Operating Rules, as amended in 2006, that provides for memorandum opinions. It is manifest on the face of the briefs and record before us that the District Court correctly applied the law.

¶9   Affirmed.

/S/ BRIAN MORRIS

We Concur:

/S/ JAMES C. NELSON
/S/ MICHAEL E WHEAT
/S/ PATRICIA COTTER
/S/ BETH BAKER